UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GARDEN CITY BOXING CLUB,

                Plaintiff,                04 Civ. 6949 (PKC)

    -against-

                                                          ORDER

GORDITA RESTAURANT, et al.,

                Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        By Order dated September 9, 2005, the Court granted plaintiff's motion for a default judgment and ordered that an inquest be held to determine the appropriate measure of damages under 47 U.S.C. §§ 553 and 605. In that Order, the Court noted that plaintiff was seeking the statutory maximum damages as well as a statutory enhancement for willfulness, and that, at the inquest, the burden would be on the plaintiff to demonstrate that damages in such an amount were appropriate.

        Plaintiff requested that the inquest be cancelled, and that it be permitted instead to submit an affidavit from the witness it would have called to testify as to the amount of damages at the inquest. The Court agreed to that request, as it is empowered to conduct an "inquest by affidavit" in a default judgment case. See Cablevision Systems New York City Corp. v. Torres, 2003 WL 22078938 at *3 (S.D.N.Y. 2003).

        Plaintiff's submission consisted of the very same affidavit of Marcus W. Corwin that was submitted along with its motion papers in July, with no additional basis

set forth for imposing the maximum statutory amount of damages or enhancing damages for willfulness.

When a violation of both § 553 and § 605 is found, damages may only be awarded under one of the statutes. Entertainment By J & J, Inc. v. Friends II, Inc., 2003 WL 1990414 at *3 (S.D.N.Y. 2003); New Contenders, Inc. v. Diaz Seafood Corp., 1997 WL 538827 at *1 (S.D.N.Y. 1997) (citing Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 129 (2d Cir.), cert. denied, 519 U.S. 929 (1996)); Torres, 2003 WL 22078938 at *3, *3 n.5 (collecting cases). Since available damages are greater under § 605, a plaintiff may elect to recover under that section. Entertainment By J & J, 2003 WL 1990414 at *3; Top Rank Inc. v. Tacos Mexicanos, 2003 WL 21143072 at *3 (E.D.N.Y. 2003) ("[w]here a defendant is found to have violated both statutes, the court should award damages pursuant to [Section] 605") (citation and internal quotations omitted).

Based on plaintiff's submissions, the Court finds that damages under § 605(e)(3)(C)(i)(II) in the statutory minimum amount of $1000 are appropriate. The Court declines to award additional enhanced damages under § 605(e)(3)(C)(ii). The Court further finds that plaintiff is entitled to recover its attorneys' fees in the requested amount of $1250. See 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff is directed to submit for the Court's execution a revised form of default judgment providing for an award of damages in the amount of $1000, plus 9% interest from the date of the violation, plus $1250 in attorneys' fees.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 5, 2005